IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROQUE ARANDA TERCERO,

    Petitioner,

v.                                           No. 11-cv-1035 JCH/SMV

KENNETH J. GONZALES,
JANET NAPOLITANO,
ADRIAN MACIAS, and RAY TERRY,

    Respondents.

## ORDER STRIKING DOCUMENTS

THIS MATTER is before the Court sua sponte. Certain documents filed by Petitioner will be stricken for failure to comply with the rules of procedure. In lieu of the stricken documents, Petitioner will be permitted to file *one* reply to Respondent's Supplemental Briefing [Doc. 27]. Such reply shall contain no more than 12 double-spaced pages and is due within 30 days of the date of this order. No further briefing on the Petition, including the Fifth-Amendment due-process issue, will be permitted without leave of Court.

### I. Background

The original 106-page petition [Docs. 1, 2] was filed on November 21, 2011. Respondent[1] answered on December 16, 2011 [Doc. 10]. Petitioner filed an 83-page motion for default judgment on January 20, 2012 [Doc. 13]. Respondent filed his response on January 23, 2012 [Doc. 14], and Petitioner filed his reply on January 30, 2012 [Doc. 15]. Without leave,

---

[1] Respondent Ray Terry, Warden of the detention facility holding Petitioner, was substituted as the only Respondent in this matter on November 29, 2011. Order [Doc. 8].

Respondent filed a surreply [Doc. 17], and Petitioner filed a 21-page sur-sureply [Doc.19]. The Court denied the motion for default judgment on July 17, 2012. [Doc. 23].

On October 12, 2012, the Court reviewed the record—which included a 108-page "supplemental brief" [Doc. 24], filed by Petitioner without leave—and ordered the Respondent to submit a supplemental brief within 30 days on whether Petitioner's continued detention without an individualized parole hearing before an Immigration Judge violates his due process rights under the Fifth Amendment. [Doc. 25]. On November 1, 2012, before Respondent filed his supplemental brief, Petitioner filed a 100-page request for leave to reply to Respondent's forthcoming supplemental brief [Doc. 26]. Then, without leave, Petitioner filed a 7-page reply brief on November 9, 2012 [Doc. 29]. Respondent filed his supplemental brief on November 13, 2012 [Doc. 27]. Petitioner subsequently filed five more briefs—totaling 181 pages—without leave [Docs. 30, 31, 32, 33, 34].

## II. Analysis

"A Court may choose to strike a filing that is not allowed by local rule . . ." *Ysais v. New Mexico*, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009) (internal quotation marks omitted). In this district, for example, surreplies may not be filed without leave of Court. D.N.M.LR-Civ. 7.4(b). Also, there are specific page limits for briefs. Motions may not exceed 27 double-spaced pages, responses may not exceed 24 double-spaced pages, and replies may not exceed 12 double-spaced pages. D.N.M.LR-Civ. 7.5. Finally, the rules governing habeas petitions do not recognize pleadings beyond the petition itself, an answer, and a reply. Rule 5, Rules Governing 2254 Cases; *see* Rule 1, Rules Governing 2254 Cases (rules may be applied in any habeas petition, regardless of whether filed under § 2254).

Here, the Court has not strictly enforced these rules—until now.  Because Petitioner is pro se and incarcerated, the Court has been lenient with respect to the rules of procedure.  However, the docket has become unwieldy due to Petitioner's very lengthy filings and the multiple surreplies filed without leave.  Specifically, Petitioner's Motion Requesting Permission for a Reply Brief . . . [Doc. 26] violates D.N.M.LR-Civ. 7.5, which limits motions to 27 double-spaced pages.  Similarly, several of Petitioner's "reply" briefs violate D.N.M.LR-Civ. 7.5 because they exceed the rule's 12-page limit.  *See* [Docs. 30, 32, 34].  They also violate my October 12, 2012 order because it did not grant him leave to submit any reply.  *See* [Docs. 29, 30, 31, 32, 33, 34].  Finally, they violate Rule 5 of the Rules Governing 2254 Cases because the Rule does not recognize multiple "reply" briefs.  *See* [Docs. 29, 30, 31, 32, 33, 34].  The Court will strike these filings and admonish the parties to ensure that their filings comply with the rules.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the following documents shall be **STRICKEN** from the record:

- Petitioner's Motion Requesting Permission for a Reply Brief . . . [Doc. 26]
- Submission of Documents Relevant to Order for Supplemental Briefing [Doc. 29]
- Petitioner's Reply to Supplemental Briefing [Doc. 30]
- Respondent's [sic] Submission of Legal Documents . . . [Doc. 31]
- Petitioner's Third Reply Brief [Doc. 32]
- Petitioner's Submission of Additional Documents . . . [Doc. 33]
- Petitioner's Memorandum of Law Advisory to the Court [Doc. 34]

**IT IS FURTHER ORDERED** that, in lieu of the stricken filings, Petitioner may submit one—and only one—reply to Respondent's Supplemental Briefing [Doc. 27].  Such reply shall contain no more than 12 double-spaced pages and shall be due within 30 days of the date of this order.  No further briefing on the Petition, including the Fifth-Amendment due-process issue,

will be permitted without leave of Court.  All future filings must comply with the applicable rules of procedure.

    **IT IS SO ORDERED.**

                                                          **STEPHAN M. VIDMAR**
                                                          **United States Magistrate Judge**