IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROQUE ARANDA TERCERO,

     Petitioner,

v.                                         **No. 11-cv-1035 JCH/SMV**

KENNETH J. GONZALES,
JANET NAPOLITANO,
ADRIAN MACIAS, and RAY TERRY,

     Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DOSPOSITION

THIS MATTER is before me on a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] ("Petition"), filed on November 21, 2011.  The United States, on behalf of Respondent Terry, filed its Response on December 16, 2011 [Doc. 10].[1]  On March 20, 2011, the Honorable Judith C. Herrera, United States District Judge, referred this matter to the undersigned for analysis, findings of fact, and a recommended resolution.  Order of Reference . . . [Doc. 20].  I ordered supplemental briefing on October 12, 2012, on the issue of the constitutionality of the length of Petitioner's detention.  [Doc. 25].  Having reviewed the pleadings, the parties' briefs and supplemental briefs, and the pertinent caselaw and statutory authority, I find that the Petition is meritless and recommend that it be denied with prejudice.

### Background

Petitioner is no stranger to federal litigation, having filed over 170 suits, petitions, or appeals in our federal courts between 1999 and 2006, not counting the four cases he recently

---

[1] Respondent Terry was substituted as the sole respondent in this matter on November 29, 2011.  [Doc. 8].

filed in this Court.  *See* Order Dismissing Case [Doc. 8], issued in *Aranda-Tercero v. Comisario*, No. 11-cv-0982 MCA/LAM.  Mr. Tercero is a fifty-eight year old Mexican citizen who illegally entered this country by the age of twelve, where he was educated; married and had seven children who were all born here; and became a one-man crime wave with over twenty arrests and convictions for various crimes, including drug crimes, in California, Texas, and Mexico.  *See* Asylum Interview [Doc. 2] at 1–5, 12 (supplement to Complaint), filed in *Aranda-Tercero v. Comisario*, No. 11-cv-0982 MCA/LAM; *Tercero-Aranda[2] v. Abbott*, No. 03-06-00740-CV, 2009 WL 483349, *1 (Tex. Ct. App.-Austin Feb. 27, 2009) (describing Mr. Tercero-Aranda's conviction for burglary of a habitation in Gaines County, Texas); *Tercero-Aranda v. Ashcroft*, No. 03-50470, 78 Fed. App'x 973, 2003 WL 22430538, **1 (5th Cir. Oct. 27, 2003) (noting that Tercero-Aranda "was ordered deported in absentia in April 1993"); *People v. Tercero-Aranda*, No. C041148, 2003 WL 22245909, *1 (Cal. App. 3 Dist. Oct. 1, 2003) (describing Mr. Tercero-Aranda's conviction for receiving stolen property and being a deported alien in the United States).

He has been denied asylum at least once on a previous claim that he was tortured in Mexico; he has been deported at least four times; and he has served two stints in Mexican prisons on drug charges - once in 1987 and again from 2009-2011.  *See* [11-cv-0982 Doc. 2] at 2-5; *Aranda-Tercero v. Gonzales*, No. 05-60650, 235 Fed. App'x 321 (5th Cir. Aug. 13, 2007) (affirming the BIA's denial as untimely of Aranda-Tercero's 2005 petition to reopen his deportation orders "for the purpose of seeking protection under the United Nation's Convention Against Torture (CAT)").

---

[2] Petitioner is known by numerous aliases.  *See* Notice to Appear [Doc. 1-2] at 1.

**Analysis**

Petitioner is currently in removal proceedings. [Doc. 1] at 4; [Doc. 2] at 1. He is presently being detained at the Otero County, New Mexico, Processing Center. [Doc. 1 at 4] In immigration court, he is requesting relief from removal under CAT. *Id*. at 5. In his federal habeas corpus Petition, he seeks three forms of relief. I will address each in turn.

First, he asks the Court to order Immigration and Customs Enforcement ("ICE") to release him on parole during the pendency of his removal proceedings, or at least grant him a bond hearing. [Doc. 1] at 5, 18; Supplemental Brief filed on August 8, 2012, [Doc. 24] at 1. With respect to ICE's denial of his request for parole, [Doc. 1-1] at 1, this Court lacks jurisdiction to review that decision.

> The Attorney General's [now the Secretary of the Department of Homeland Security] discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e).  This statute prohibits this Court from ordering ICE to release Petitioner on parole. Petitioner cites no authority to the contrary.

In his request for a bond hearing, Petitioner relies upon. *Patel v. Zemski*, 275 F.3d 299 (3d Cir. 2001), in which the Third Circuit held that mandatory detention of aliens while they are pursuing their administrative remedies violates their due process rights unless they have been afforded the opportunity for an individualized hearing at which they can show that they do not pose a flight risk or danger to the community. *See* Supplemental Brief [Doc. 24] at 2-3.[3]

---

[3] Petitioner cites a number of cases in his Supplemental Brief, but Patel is the only circuit case he cites that bears on the bond issue.

*Patel*, however, addresses the Fifth Amendment rights of aliens subject to deportation, that is, aliens who were already in the United States—irrespective of the legality of their presence—when the government initiated proceedings to expel them.  Here, in contrast, Petitioner is an arriving alien.  That is, he was not already in the United States at the time the government initiated proceedings to exclude him.  As an arriving alien, Petitioner is not entitled to due process rights, including those outlined in *Patel*.  *See Patel*, 275 F.3d at 307 ("Although due process rights can be denied to aliens seeking admission to the United States, aliens who have entered the country are entitled to the protection of the Due Process Clause whether their presence in this country is lawful or not.") (internal citation omitted).  Accordingly, *Patel* is inapposite, and this Court does not have jurisdiction to review ICE's bond determination.

Second, Petitioner requests that this Court "consolidate" his prior deportation case with his current removal proceedings for purpose of "exhaustion of remedies." [Doc. 1] at 12. He cites no authority for this request, and I am unaware of any caselaw or statutory authority that would allow this Court to grant the relief requested. Under 8 U.S.C. 1229(a), authority to conduct removal proceedings is granted exclusively to immigration judges. *See also* 8 C.F.R. § 1003.10(b) ("In deciding the individual cases before them, and subject to the applicable governing standards, immigration judges shall exercise their independent judgment and discretion and may take any action consistent with their authorities under the Act and regulations that is appropriate and necessary for the disposition of such cases.") This claim, therefore, is without merit.

Third, Petitioner complains that ICE officials are "holding" or "delaying" his medical records, which he claims he needs for his next parole interview. [Doc. 1] at 13-14. I construe this

4

as a request that this Court order ICE to furnish Petitioner with copies of his medical records. A

§ 2241 habeas petition is not the proper method of obtaining such relief. *See, e.g., McIntosh v.*

*U.S. Parole Com'n*, 115 F. 3d 809, 812 (10th Cir. 1997) (limiting § 2241 to government action

that inevitably affects the "duration of the petitioner's custody"); *U.S. v. Sisneros*, 599 F.2d 946,

947 (10th Cir. 1979) (*per curiam*) (a habeas petition is a proper method to challenge the legality

of duration of confinement, but a civil rights action is the proper method of claims involving

medical treatment).[4] This claim also is without merit.

### Recommendations

For the forgoing reasons, I find that the Petition is meritless and recommend that it be

**DENIED** with prejudice. I also recommend that Petitioner be prohibited from making any

further filings in this case unless consistent with Judge Armijo's Order Imposing Filing

Restrictions in *Aranda Tercero v. Comisario*, No. 11-cv-0982 MCA/LAM, [Doc. 16].

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[4] In the event Petitioner considers filing a § 1983 civil rights action on these grounds, the Court hereby reminds him of the filing restrictions which have been placed upon him by the Honorable Christine Armijo, United States District Judge. *See* [*Aranda-Tercero v. Comisario*, No. 11-cv-0982 MCA/LAM, Doc. 16].