IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROQUE ARANDA TERCERO,

    Petitioner,

v.                                                                     No. 11-cv-1035 JCH/SMV

KENNETH J. GONZALES,
JANET NAPOLITANO,
ADRIAN MACIAS, and RAY TERRY,[1]

    Respondents.

### ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 40] ("PF&RD"), issued on June 4, 2013. The Honorable Stephan M. Vidmar, United States Magistrate Judge, recommended that the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] ("Petition"), filed on November 21, 2011, be denied with prejudice. Petitioner filed objections [Doc. 41] on June 24, 2013. The Court, being fully advised in the premises, will OVERRULE Petitioner's objections, ADOPT the PF&RD, and DENY and DISMISS the Petition with prejudice.

### Background

Petitioner is no stranger to federal litigation, having filed over 170 suits, petitions, or appeals in our federal courts between 1999 and 2006, not counting the four cases he recently filed in this Court. *See* Order Dismissing Case [Doc. 8], issued in *Aranda-Tercero v. Comisario*, No. 11-cv-0982 MCA/LAM. Mr. Tercero is a fifty-eight year old Mexican citizen who illegally entered this country by the age of twelve, where he was educated; married and had seven

---

[1] **Respondent Terry was substituted as the sole respondent in this matter on November 29, 2011.** [Doc. 8].

children who were all born here; and became a one-man crime wave with over twenty arrests and convictions for various crimes, including drug crimes, in California, Texas, and Mexico. *See* Asylum Interview [Doc. 2] at 1–5, 12 (supplement to Complaint), filed in *Aranda-Tercero v. Comisario*, No. 11-cv-0982 MCA/LAM; *Tercero-Aranda² v. Abbott*, No. 03-06-00740-CV, 2009 WL 483349, *1 (Tex. Ct. App.-Austin Feb. 27, 2009) (describing Mr. Tercero-Aranda's conviction for burglary of a habitation in Gaines County, Texas); *Tercero-Aranda v. Ashcroft*, No. 03-50470, 78 Fed. App'x 973, 2003 WL 22430538, **1 (5th Cir. Oct. 27, 2003) (noting that Tercero-Aranda "was ordered deported in absentia in April 1993"); *People v. Tercero-Aranda*, No. C041148, 2003 WL 22245909, *1 (Cal. App. 3 Dist. Oct. 1, 2003) (describing Mr. Tercero-Aranda's conviction for receiving stolen property and being a deported alien in the United States).

He has been denied asylum at least once on a previous claim that he was tortured in Mexico; he has been deported at least four times; and he has served two stints in Mexican prisons on drug charges - once in 1987 and again from 2009-2011. *See* [11-cv-0982 Doc. 2] at 2-5; *Aranda-Tercero v. Gonzales*, No. 05-60650, 235 Fed. App'x 321 (5th Cir. Aug. 13, 2007) (affirming the BIA's denial as untimely of Aranda-Tercero's 2005 petition to reopen his deportation orders "for the purpose of seeking protection under the United Nation's Convention Against Torture (CAT)"). He has expressed his intention to illegally reenter the United States again if he is deported. [Doc. 41] at 6.

Petitioner is currently in removal proceedings. [Doc. 1] at 4; [Doc. 2] at 1. He is presently being detained at the Otero County, New Mexico, Processing Center. [Doc. 1 at 4] In immigration court, he is requesting relief from removal under CAT. *Id.* at 5. Petitioner filed the instant Petition on November 21, 2011, based on three grounds:

---

² *Petitioner is known by numerous aliases.* See Notice to Appear [Doc. 1-2] at 1.

(1) Petitioner wants Immigration and Customs Enforcement ("ICE") to release him on parole during the pendency of his removal proceedings, or at least grant him a bond hearing. [Doc. 1] at 5, 18; Supplemental Brief filed on August 8, 2012, [Doc. 24] at 1.

(2) Petitioner requests that this Court "consolidate" his prior deportation case with his current removal proceedings for purpose of "exhaustion of remedies." [Doc. 1] at 12.

(3) Petitioner complains that ICE officials are "holding" or "delaying" his medical records, which he claims he needs for his next parole interview. [Doc. 1] at 13–14.

On June 4, 2013, Judge Vidmar recommended that the Petition be denied. Petitioner objected to the PF&RD on June 24, 2013. [Doc. 41].

## STANDARD OF REVIEW FOR OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATIONS

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C. § 636(b)(1). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## Analysis

Petitioner first objects to the background section of the PF&RD because it references Petitioner's extensive litigation in federal courts. Petitioner does not allege that the background section is incorrect but, instead, argues that it does not have a "nexus" with his current claims. [Doc. 41] at 1–2. The background of the case, as Judge Vidmar describes it, is relevant. Even if it were not relevant, however, the objection would still be meritless because it does not bear on the substantive findings and recommendation. The Court will overrule the objection.

Petitioner also objects to the PF&RD as containing only a "grudging and perfunctory and/or cursory review." [Doc. 41] at 2, 10. Petitioner alleges that Judge Vidmar did not address

all of his arguments, such as his as-applied challenge to 8 CFR § 1003.19(h)(2)(i)(B) or his list of numerous cases. *Id.* at 3–4. However, Petitioner misses the forest for the trees. Judge Vidmar found that Petitioner was an arriving alien, and as such, neither the Immigration Judge nor this Court has authority to release him on bond. It was not necessary for Judge Vidmar to expressly add that Petitioner's challenge to § 1003.19(h)(2)(i)(b) was rejected. Moreover, on de novo review, the Court rejects the challenge.

Similarly, Petitioner objects that Judge Vidmar never ruled on his motion for an evidentiary hearing. [Doc. 41] at 3 (citing [Doc. 37]). Although it would have been preferable to issue an express ruling on the motion, none was required. It was implicit in the PF&RD that no hearing was necessary. On de novo review, the Court OVERRULES the objection because no evidentiary hearing is necessary in this case.

Petitioner also objects to the PF&RD because he alleges that Judge Vidmar was retaliating against him for petitioning the Tenth Circuit Court of Appeals for a writ of mandamus. [Doc. 41] at 2–3, 7–8, 10–11. Other than Petitioner's subjective allegation, he offers no evidence or argument to support his objection. On de novo review, the objection is OVERRULED.

Finally, Petitioner objects to Judge Vidmar's January 8, 2013 Order [Doc. 35] striking certain filings. Petitioner argues that the order was dispositive and, thus, beyond Judge Vidmar's authority. [Doc. 41] at 9–10. On de novo review, the objection is OVERRULED for several reasons. First, the objection is untimely because it was filed about 150 days after Judge Vidmar's order, which is about 136 days *after* the 14-day deadline. *See* Fed. R. Civ. P. 72 (deadline to object to Magistrate Judge's rulings is 14 days). Second, Judge Vidmar was well within his authority to strike the filings, especially, but not solely, because he allowed Petitioner

to replace the stricken filings with a filing that comported with the rules. *See* Order Striking Documents [Doc. 35]. Third, Petitioner, in fact, did submit a filing to replace the stricken ones. *See* [Doc. 36]. Finally, and most importantly, Petitioner fails to explain how the stricken documents would have changed the substantive analysis of his claims.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Petitioner's pro se Written Objections Against the U.S. Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 41] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 40] are **ADOPTED**.

**IT IS FURTHER ORDERED** that the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **DENIED**, and this case is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**